PENDEXTER & a. v. COLE, by CATE, Guard.

The guardian of a spendthrift cannot be joined as a party defendant with
his ward, in an action of debt on a judgment recovered against the ward
before he was placed under guardianship.

If the guardian of a spendthrift, having assets, refuses to pay a debt due
from his ward, the creditor's remedy is by an action on the guardian-
ship bond.

MOTION, by the plaintiffs, for leave to amend by making Cate,
the defendant's guardian, a party defendant, and that execution
issue against him *de bonis propriis*. The action is debt on a judg-
ment recovered in Maine by the plaintiffs against the defendant
Cole in 1871. After the judgment was obtained, Cole moved to
this state, and in February, 1889, was decreed a spendthrift; and
Cate was appointed his guardian, and filed the inventory required
by Gen. Laws, c. 186, s. 6.

The ward's property consisted entirely of pension checks, that
came payable to the guardian for the ward as a soldier in the
late war, soon after the guardian's appointment. The inventory
showed the amount of the ward's estate to be $1,345, and that the
estate was solvent both at the time of making the inventory and at
the time of the commencement of this action, August 27, 1889,—
although at the last date the property had been largely changed
from checks into a homestead, furniture, tools, and some other
personal property connected with it, and that some of it had been
otherwise expended in a manner that reduced the estate; still, suf-
ficient remained to pay the ward's debts, aside from the home-
stead. It did not appear that the guardian had license from the
probate court to purchase the homestead, or the approval of the
selectmen. The plaintiffs made a demand of payment on the
guardian before bringing this suit. Since the commencement of
the action the guardian has filed his account in the probate court,
from which it appears he has expended all the funds of his ward,
and that all the property of his ward at the present time consists
of the homestead, valued at $600.

*F. Weeks*, for the plaintiffs.

*Beacham & Foote*, for the defendant.

CLARK, J. No action can be maintained against a guardian
personally for a debt of his ward. The guardian's duty is to take
care of the person and estate of his ward, collect his dues, pay his
debts if he has sufficient assets, and protect his rights and inter-
ests generally. G. L., c. 184, s. 3. The remedy for a breach of his
duty is by an action upon his bond. Whether the ward's property

has been judiciously and legally managed and invested by the guardian is a proper subject of investigation and inquiry upon the adjustment of the guardian's accounts in the probate court, but it is not open to inquiry in a suit against the ward for the recovery of a debt. A creditor may compel a guardian to adjust his accounts, and if he has assets in his hands and refuses to pay a judgment recovered against his ward, it will be a breach of the condition of his bond, and the creditor's remedy is by an action upon the guardianship bond. *Davis* v. *Drew*, 6 N. H. 399, 400; *Conant* v. *Kendall*, 21 Pick. 36.

*Motion denied.*

SMITH, J., did not sit: the others concurred.